NOT FOR PUBLICATION                                                      CLOSED

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

DON WILLIAMS,  :
      Petitioner  :   Civil Action No. 05-1344 (JAP)
    v.  :   **OPINION**
STATE OF NEW JERSEY et al.,  :
      Respondents.  :

APPEARANCES:

Don Williams
446949-60336-8C
South Woods State Prison
215 South Burlington Road
South Bridgeton, NJ 08302
    *Pro Se*

Steven E. Braun
Office of the Passaic County Prosecutor
401 Grand Street
Paterson, NJ 07505
    *Attorney for the State of New Jersey and the Attorney General of the State of New Jersey*

PISANO, District Judge

    Petitioner Don Williams ("Petitioner" or "Williams"), currently incarcerated at South Woods State Prison in South Bridgeton, New Jersey, has brought a *pro se*[1] petition for a writ of

---

[1] A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. *Lewis v. Attorney General*, 878 F.2d 714, 722 (3d Cir. 1989).

habeas corpus pursuant to 28 U.S.C. § 2254.[2]  Additionally, Williams requests that the Court appoint pro bono counsel.  Petitioner asserts the following grounds for habeas relief:  (1) the trial court should have granted Petitioner's motion to vacate the jury verdict because the State failed to carry its burden; (2) the trial judge gave improper jury instructions regarding accomplice liability; (3) Petitioner did not receive a fair and correct sentence; and (4) Petitioner was denied effective assistance of counsel.  As explained below, having considered Petitioner's claims and reviewed the record, the Court finds that Petitioner has not shown that his conviction or sentence infringed upon a federal right.  Thus, Williams is not entitled to habeas relief and the Court denies both his petition for a writ of habeas corpus and his application for pro bono counsel.

I.  **BACKGROUND**

On February 28, 2003, Petitioner was convicted of attempted murder in violation of N.J.S.A. 2C:11-3, 2C:5-1 and 2C:2-6, and of possession of a weapon for an unlawful purpose in violation of N.J.S.A. 2C:39-4 stemming from his role in the shooting of Shakessa Sturdivant, Petitioner's ex-girlfriend.[3]  Williams was sentenced to twenty years imprisonment with an 85% parole ineligibility period pursuant to the No Early Release Act, N.J.S.A. 2C:43-7.2.  Two counts of aggravated assault were merged into the attempted murder conviction.  Petitioner had pled not guilty and was convicted following trial by jury.  Petitioner appealed throughout the State court system.  On November 5, 2004, in a *per curiam* opinion, the New Jersey Appellate Division

---

[2] Section 2254(a) provides that the "district court shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).

[3] A full summary of the facts can be found in the November 5, 2004 *per curiam* opinion of the New Jersey Appellate Division.

affirmed Petitioner's conviction and sentence.  On January 20, 2005, the New Jersey Supreme Court denied Williams's petition for certification.  Although his petition for a writ of habeas corpus appears to indicate that Petitioner pursued his appeal to the United States Supreme Court, there is no evidence that a petition for certification to the Supreme Court was ever filed.

Petitioner instituted this action in March 2005.  In response to an order of the Court, which, *inter alia*, notified Petitioner of the consequences of filing a petition under § 2254, Petitioner confirmed by letter dated April 5, 2005 that he elected to have his § 2254 petition ruled on "as is."  Williams's initial petition incorrectly named the State of New Jersey and the Attorney General of the State of New Jersey as Respondents.  In response to a May 16, 2006 order, Petitioner filed an amended petition on June 19, 2006 naming Kathryn MacFarland, warden of the South Woods State Prison, as a Respondent.  The amended petition also included a fourteen page brief, much of which is illegible, in support of his application for habeas relief.[4]  Also on June 19, 2006, Petitioner filed an application for pro bono counsel.  Respondents filed their answer to Williams's petition on May 17, 2005.

## II. DISCUSSION

### A. The Petition for Habeas Corpus

In his various submissions to this Court, Petitioner raises the following grounds for

---

[4] Petitioner's apparent desire to have the Court consider the brief that accompanied his June 19, 2006 amended petition contradicts both Petitioner's previously stated desire to have his original petition considered "as is" and his March 4, 2006 letter indicating his intent to rely on a letter brief and appendix filed in his appeal before the New Jersey Appellate Division.  Also, it should be noted that paragraph twelve of Williams's petition—the paragraph where Petitioner should have explained the grounds on which he seeks habeas relief—was left blank.  Despite Petitioner's technical errors and inconsistencies, the Court finds it appropriate to consider all of Petitioner's submissions in light of his *pro se* status.

habeas relief: (1) the trial court should have granted Petitioner's motion to vacate the jury verdict because the State failed to carry its burden; (2) the trial judge gave improper jury instructions regarding accomplice liability; (3) Petitioner did not receive a fair and correct sentence; and (4) Petitioner was denied effective assistance of counsel.[5]  For the reasons set forth below, the Court finds that Petitioner's claims lack merit and his petition is therefore denied.

**1. Motion to Vacate**

Petitioner argues that the "trial court committed reversible error in denying [his] motion to vacate [the] jury verdict because the state failed to prove beyond a reasonable doubt that the defendant was either the principal or the accomplice." (*See* June 19, 2006 Amended Petition, at 2; *see also* March 8, 2005 Petition, at ¶ 11; November 12, 2003 Letter to the Superior Court of New Jersey, Appellate Division.)  However, a review of the record reveals that the State presented overwhelming evidence—including testimony from the victim and two eyewitnesses—that Petitioner participated, either as the principal or an accomplice, in the shooting and attempted murder of Shakessa Sturdivant.  Further, Williams has not demonstrated that the denial of his motion to vacate infringed upon a federal right.  *See Estelle v. McGuire*, 502 U.S. 62, 68 (1991) ("In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States.").  Thus, this Court finds that Petitioner is not entitled to habeas relief based on the trial court's denial of his motion

---

[5] In his submissions to the Court, Petitioner raised the following additional claims: (1) judicial bias and prosecutorial misconduct unfairly influenced the outcome of his trial and (2) New Jersey's No Early Release Act, which authorizes courts to impose parole ineligibility periods, violates the Fifth Amendment of the United States Constitution.  The Court will not entertain these additional claims because Petitioner failed to raise them in state court.  *See Picard v. Connor*, 404 U.S. 270, 276 (1971) ("[A] state prisoner [must] present the state courts with the same claim he urges upon the federal courts.").

to vacate the jury verdict.

### 2. Jury Instructions

Next, Petitioner argues that the trial judge gave improper jury instructions regarding the elements of accomplice liability under New Jersey law. (*See* June 19, 2006 Amended Petition, at 2; *see also* March 8, 2005 Petition, at ¶ 11; November 12, 2003 Letter to the Superior Court of New Jersey, Appellate Division.) A habeas petitioner who challenges state jury instructions must "point to a federal requirement that jury instructions on the elements of an offense . . . must include particular provisions" or establish that the "instructions deprived him of a defense which federal law provided to him." *Johnson v. Rosemeyer*, 117 F.3d 104, 111 (3d Cir. 1997).

Here, Petitioner has made no such showing.[6] Instead, he merely claims that the trial court incorrectly instructed the jury on the law in the State of New Jersey as it relates to accomplice liability. This is an issue of state law—on appeal, the New Jersey Appellate Division reviewed the jury instructions and found no error—not a basis for habeas relief. Therefore, because Petitioner does not raise a federal issue with respect to the jury instructions given during his trial, this Court finds that Petitioner's claim fails. *See Estelle*, 502 U.S. at 67-68.

### 3. Petitioner's Sentence

Petitioner challenges his sentence because, in his view, the State did not establish beyond a reasonable doubt that he participated in the events underlying the crimes for which he was charged and found guilty. (*See* June 19, 2006 Amended Petition, at 2; *see also* March 8, 2005

---

[6] It should be noted that, in addition to explaining the substantive elements of the offense, the trial court instructed the jury that "in order to find the defendant guilty of the specific crime charged, the state must prove, beyond a reasonable doubt, each of the . . . elements [of the crime]." (*See* May 29, 2002 Transcript of Trial, at 116.)

Petition, at ¶ 11; November 12, 2003 Letter to the Superior Court of New Jersey, Appellate Division.)  Thus, according to Williams, his sentence is excessive.  Although Petitioner appears to conflate two issues—whether there was sufficient evidence to support his conviction and whether his sentence is fair—the Court will address Petitioner's claims that his sentence should be modified.

A federal court's ability to review state sentences is limited to challenges based upon "proscribed federal grounds such as being cruel and unusual, racially or ethnically motivated, or enhanced by indignities."  *See Grecco v. O'Lone*, 661 F. Supp. 408, 415 (D.N.J. 1987) (citation omitted).  Thus, a challenge to a state court's discretion at sentencing is not reviewable in a federal habeas proceeding unless it violates a separate federal constitutional limitation.  *See id.*; *see also* 28 U.S.C. § 2254(a); *Estelle*, 502 U.S. at 67; *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990).

Petitioner received a sentence of twenty years imprisonment with an 85% parole ineligibility period for his role as an accomplice in the shooting and attempted murder of his ex-girlfriend.  Petitioner incorrectly states that he received a sentence in excess of the presumptive sentence; indeed, due to the existence of aggravating factors, Williams was not eligible for the presumptive sentence.  Thus, the sentencing guidelines applicable to Petitioner ranged from twenty years to life imprisonment.  *See* N.J.S.A. 2C:43:7.  Further, the record shows that the trial court exhibited leniency not only by imposing the minimum sentence for first-degree attempted murder, but also by ordering Petitioner's ten-year sentence for possession of a weapon for unlawful purposes to run concurrently.  Petitioner has not identified any sentencing error, let alone a constitutional violation.  Instead, he merely expresses his dissatisfaction with the sentence.  Because the Court finds no constitutional infringement associated with Petitioner's

sentencing, his claim must be denied.  *See Grecco*, 661 F. Supp. at 415.

### 4.  Ineffective Assistance of Counsel

Lastly, Petitioner argues that he was denied effective assistance of counsel in violation of the Sixth Amendment because "from the start of the case to [the] finish," Petitioner's attorney "hurt [his] position."  Further, Petitioner asserts that "sentencing counsel was ineffective."  (*See* June 19, 2006 Amended Petition, at 2.)

In order to prove ineffective assistance of counsel, Petitioner must show (1) "that counsel's representation fell below an objective standard of reasonableness"; and (2) "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984).  *Strickland* sets forth a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance" and instructs courts to "eliminate the distorting effects of hindsight" when assessing an attorney's performance.  *Id.* at 689.

Petitioner has failed to satisfy both prongs of the *Strickland* test and cannot overcome the strong presumption that counsel was competent.  Indeed, Petitioner's conclusory statements that his attorney did a poor job throughout the case are insufficient to establish that "counsel's representation fell below an objective standard for reasonableness" or that but for these alleged (yet unspecified) errors, "the result of the proceeding would have been different."  *Id.* at 688, 694.  Moreover, a review of the record does not support Petitioner's claim that he was denied effective assistance of counsel.  Thus, the Court finds that Petitioner's claim of ineffective assistance of counsel is without merit.

**B. The Requests for Appointment of Counsel**

"There is no 'automatic' constitutional right to counsel in a federal habeas corpus proceeding." *Reese v. Fulcomer*, 946 F.2d 247, 263 (3d Cir. 1991). "It has not been held that there is any general obligation of the courts, state or federal, to appoint counsel for prisoners who indicate, without more, that they wish to seek post-conviction relief." *Johnson v. Avery*, 393 U.S. 483, 488 (1969); *Wainwright v. Torna*, 455 U.S. 586, 587 (1982). However, any financially eligible person seeking relief under the federal habeas statutes may be granted counsel "[w]henever the United States magistrate judge or the court determines that the interests of justice so require." 18 U.S.C. § 3006A(a)(2) (2004). Under 18 U.S.C. § 3006A(a)(2), the district court must "decide if the petitioner has presented a nonfrivolous claim and if the appointment of counsel will benefit the petitioner and the court. Factors influencing a court's decision include the complexity of the factual and legal issues in the case, as well as the *pro se* petitioner's ability to investigate facts and present claims." *Reese*, 946 F.2d at 263-64.

Because the Court has determined that Petitioner's claims lack merit and has denied the petition, his application for pro bono counsel may be denied. *See id*. However, the Court notes that there was no indication that Petitioner did not fully comprehend the issues he presented in his § 2254 petition. The petition demonstrates Petitioner's ability to present his claims "forcefully and coherently." *See La Mere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987). Further, the Court finds that the issues raised by Petitioner are neither factually nor legally complex. Therefore, because Petitioner has not presented sufficient facts that would compel the appointment of counsel in the interests of justice, the Court chooses not to exercise its discretionary power to assign pro bono counsel to Petitioner at this time.

**III. Certificate of Appealability**

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253 (c)(2); *see also* Fed. Rule App. Proc. 22(b). To make such a showing, the applicant must "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 478 (2000). For the reasons noted above, Petitioner fails to make a showing that would satisfy the requirement for a certificate of appealability. Therefore, the Court will not issue a certificate of appealability.

**IV. CONCLUSION**

After carefully examining the record, the Court is satisfied that there has been no infringement of Petitioner's rights under federal law. Further, Petitioner has failed to present facts sufficient compel the appointment of counsel in the interests of justice. Accordingly, for the reasons expressed above, Petitioner's petition for writ of habeas corpus is DENIED, and Petitioner's requests for the appointment of pro bono counsel are DENIED.

/s/ Joel A. Pisano
JOEL A. PISANO, U.S.D.J.

DATED: September 25, 2006